1  MICHAEL S. LAWSON (SBN 048172)
   City Attorney
2  ANKUSH AGARWAL (SBN 233150)
   Assistant City Attorney
3  SANGEETHA WALTZ (SBN 255068)
   Deputy City Attorney
4  CITY OF HAYWARD
   777 B Street, 4th Floor
5  Hayward, CA 94541-5007
   Tel: (510) 583-4458
6  Fax: (510) 583-3660
   Email: ankush.agarwal@hayward-ca.gov
7  Email: sangeetha.waltz@hayward-ca.gov

8  Attorneys for Defendants City of Hayward;
   Hayward Police Department; HPD Chief Chaplin,
9  HPD Officers Morgan and Iwanicki; and HPD
   Sgts. Hoyer and Maloney.

10

11                  UNITED STATES DISTRICT COURT

12                NORTHERN DISTRICT OF CALIFORNIA

13

14

15  JANE DOE,                          Case No: 23-CV-5007

16              Plaintiff,

17  v.                                 NOTICE OF REMOVAL (28 USC § 1446);
                                       DEMAND FOR JURY TRIAL
18  CITY OF HAYWARD, a municipal
    corporation; HAYWARD POLICE
19  DEPARTMENT; TONY CHAPLIN,
    individually and in his capacity as Chief of
20  Police for the City of Hayward; DANIEL
    MORGAN, individually and in his capacity as a
21  police officer for the City of Hayward; ALEX
    IWANICKI, individually and in his capacity as
22  a police officer for the City of Hayward; SGT
    ZACHARY HOYER, individually and in his
23  capacity as a police supervisor for the City of
    Hayward; SGT FAYE MALONEY,
24  individually and in her capacity as a police
    supervisor for the City of Hayward, ROES 1 to
25  50, inclusive,

26              Defendants.

27

28

JANE DOE v. City of Hayward, et al.                    NOTICE OF REMOVAL
                          -1-

1  TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE

2  NORTHERN DISTRICT OF CALIFORNIA, THE SUPERIOR COURT OF THE STATE OF

3  CALIFORNIA FOR THE COUNTY OF ALAMEDA, and PLAINTIFF JANE DOE:

4  Defendants, City of Hayward ("City"), Hayward Police Department ("HPD"), HPD Chief Tony

5  Chaplin, HPD Officers Daniel Morgan and Alex Iwanicki, and Sergeants Zachary Hoyer and Faye

6  Maloney (collectively "Defendants"), through their attorneys of record, hereby provides notice of

7  removal of this case from the Superior Court of the State of California, in the County of Alameda, to

8  this Court.

9  This removal is based on the following:

10  1.  On July 6, 2023, an action was commenced by Plaintiff Jane Doe, in pro per, against

11  Defendants in state court, with Case No. 23CV037702.  The case was assigned for all purposes to

12  Judge Jo-Lynne Lee in Department 15, located in Oakland.  Attached hereto as **EXHIBIT 1** is a copy

13  of the Summons and Complaint in this action, as well as documents that Defendants received related to

14  the state court case (Notice of Case Management Conference, Notice of Case Assignment, and ADR

15  Information Packet).

16  2.  Defendants first received the Summons and Complaint on September 1, 2023, when copies

17  of both were dropped off at the front counter of the offices of HPD.

18  3.  The Complaint alleges that "Defendants subjected Plaintiff to multiple acts to defame,

19  commit libel, make false statements, intimidate, coerce, retaliate, harass and undermine the rights of

20  Plaintiff," following "Plaintiff [having come] to the police department to report sexual assault/battery

21  and hate crime" on May 27, 2002 (Complaint at ¶ 1).

22  4.  There are 13 causes of action included in the Complaint.  They include federal law and

23  constitutional claims under 42 U.S.C. § 1983 ("Section 1983") and the First Amendment (Complaint at

24  ¶¶ 56-64), Section 1983 and the Fourth and Fourteenth Amendments (¶¶ 65-75), municipal liability

25  under *Monell v. Department of Social Services of the City of New York* (¶¶ 76-87), 42 U.S.C. § 1985 for

26  conspiracy to interfere with civil rights (¶¶ 88-96), and 42 U.S.C. § 1981 for violation of Plaintiff's

27  equal rights (¶¶ 97-105).

28  ///

---

JANE DOE v. City of Hayward, et al.                                           NOTICE OF REMOVAL

5.   Also included are <u>related</u> state law claims under Civil Code 52.1 (¶¶ 106-115), defamation and defamation per se (¶¶ 116-131), invasion of privacy (¶¶ 132-139), negligence and negligence per se (¶¶ 140-158), and negligent and intentional infliction of emotional distress (¶¶ 159-176).

6.   This Court has original jurisdiction of Plaintiff's federal law and constitutional causes of action (First through Fifth Causes of Action) (Complaint at ¶¶ 56-105).  (28 U.S.C. § 1331.)  This Court also has supplemental jurisdiction over Plaintiff's related state law claims (Sixth through Thirteenth Causes of Action) (Complaint at ¶¶ 106-176).  (28 U.S.C. § 1367.)   As such, this case may be removed by Defendants to this Court.  (28 U.S.C. § 1441(a).)  Furthermore, this case may be removed under 28 U.S.C. § 1443(2), as it includes claims that Defendants have violated Plaintiff's equal rights.

A copy of this notice is being served on Plaintiff, who appeared in pro per in the Superior Court action, and a copy of this notice is being filed in Department 15 of the Superior Court for the State of California, County of Alameda.

DEMAND FOR JURY TRIAL: Defendants demand a jury trial in this Court, pursuant to Rules 38 and 81 of the Federal Rules of Civil Procedure.

DATED: September 29, 2023                MICHAEL S. LAWSON, City Attorney

By:   _____

Ankush Agarwal, Assistant City Attorney
Attorney for City of Hayward, Hayward Police
Department, HPD Chief Chaplin, HPD Officers
Morgan and Iwanicki, and HPD Sgts. Hoyer
and Maloney

# EXHIBIT 1

# SUMMONS
## *(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

*CITY OF HAYWARD, a municipal corporation; HAYWARD POLICE DEPARTMENT; TONY CHAPLIN, individually and in his capacity as Chief of Police for the City of Hayward; DANIEL MORGAN, individually and in his capacity as a police officer for the City of Hayward; ALEX IWANICKI, individually and in his capacity as a police officer for the City of Hayward; SGT ZACHARY HOYER, individually and in his capacity as a police supervisor for the City of Hayward; SGT FAYE MALONEY, individually and in her capacity as a police supervisor for the City of Hayward, ROES 1 to 50, inclusive,*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*   Jane Doe

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**ELECTRONICALLY FILED**
Superior Court of California
County of Alameda
07/06/2023
Chad Finke, Executive Officer / Clerk of the Court
By:   S. Ashby-Anderson, Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*

*Hayward Hall of Justice, 24405 Amador Street, Hayward, CA 94544*

CASE NUMBER:
*(Número del Caso):*   23CV037702

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

*Jane Doe, 5424 Sunol Blvd, Suite 10-475, Pleasanton, CA 94566, 510-679-1288, janedoevhpd@gmail (preferred)*

DATE:   07/06/2023 *(Fecha)*      Chad Finke, Executive Officer / Clerk of the Court   Clerk, by   S. Ashby-Anderson   , Deputy
*(Secretario)*   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*   HAYWARD POLICE DEPARTMENT
   under: ☐ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
           ☒ other *(specify):*   CCP 416-50 (PUBLIC ENTITY)
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Accepted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Jane Doe, In Propria Persona<br>5424 Sunol Blvd, Suite 600, Pleasanton, CA 94566<br><br>TELEPHONE NO.: 510-679-1288   FAX NO. *(Optional):*<br>E-MAIL ADDRESS: janedoevhpd@gmail.com<br>ATTORNEY FOR *(Name):* Self-Represented | FOR COURT USE ONLY<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>**07/06/2023 at 11:52:15 PM**<br>By: Steven Ashby-Anderson,<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 24405 Amador Street
MAILING ADDRESS:
CITY AND ZIP CODE: Hayward, CA 94544
BRANCH NAME: Hayward Hall of Justice

CASE NAME:
JANE DOE v. CITY OF HAYWARD et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 23CV037702<br><br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [x] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more
       issues that will be time-consuming to resolve        courts in other counties, states, or countries, or in a federal
   c. [ ] Substantial amount of documentary evidence        court
                                                        f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* 13
5. This case [ ] is  [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: July 6, 2023
Jane Doe

_____
(TYPE OR PRINT NAME)                    ▶ *Jane Doe*
                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
07/06/2023 at 11:52:15 PM
By: Steven Ashby-Anderson,
Deputy Clerk

1  Jane Doe
   5424 Sunol Blvd, Suite 10-475
2  Pleasanton, CA 94566
   510-679-1288
3  janedoevhpd@gmail.com
4  In Propria Persona

5  JANE DOE, IN PRO PER

6

7

8                     SUPERIOR COURT OF THE STATE OF CALIFORNIA
                            FOR THE COUNTY OF ALAMEDA

9  JANE DOE,                                    )  Case No.: 23CV037702
10                                              )
              Plaintiff,                        )  COMPLAINT FOR DAMAGES
11     vs.                                      )
                                                )  42 U.S. Code § 1983; First, Fourth, &
12 CITY OF HAYWARD, a municipal                 )  Fourteenth Amendments, Monell Claim
13 corporation; HAYWARD POLICE                  )  42 U.S. Code § 1985; Conspiracy to Violate
   DEPARTMENT; TONY CHAPLIN,                    )  Rights
14 individually and in his capacity as Chief of )  42 U.S. Code § 1981;
   Police for the City of Hayward; DANIEL       )  Cal. Civ. Code § 52.1
15 MORGAN, individually and in his capacity as     Defamation
16 a police officer for the City of Hayward;       Defamation Per Se
   ALEX IWANICKI, individually and in his          Invasion of Privacy - False Light
17 capacity as a police officer for the City of     Negligence
   Hayward; SGT ZACHARY HOYER,                     Negligence Per Se
18 individually and in his capacity as a police     Negligent Infliction of Emotional Distress
   supervisor for the City of Hayward; SGT         Intentional Infliction of Emotional Distress
19 FAYE MALONEY, individually and in her
20 capacity as a police supervisor for the City of
   Hayward, ROES 1 to 50, inclusive,
21
                                                   **JURY TRIAL DEMANDED**
22            Defendants.

23

24                              **INTRODUCTION**

25   1.  This civil rights case arises out of numerous acts of wrongdoing by employees and agents of

26       the City of Hayward, the Hayward Police department, Chief Tony Chaplin, Officer Daniel

27       Morgan, Officer Alex Iwanicki, Sgt Zachary Hoyer, Sgt Faye Maloney, and ROES 1 to 50

28

(collectively, "Defendants") who had prior knowledge of Plaintiff Jane Doe ("Plaintiff") as a reliable crime victim and whistleblower. Plaintiff is an "eggshell" victim. On the advice of Sgt. Irizarry of the Hayward PD Special Victims Unit, on May 27, 2022, Plaintiff came to the police department to report a sexual assault/battery and hate crime. Thereafter, Defendants subjected Plaintiff to multiple acts to defame, commit libel, make false statements, intimidate, coerce, retaliate, harass and undermine the rights of Plaintiff.

2. Defendants used government resources to retaliate against Plaintiff for her reporting of sexual assault/battery and crime. Without provocation, Defendants harassed Plaintiff, forcing her to wait while standing for an hour and a half, and after she subsequently waited in her car, Defendants caused her to feel surrounded with 3 white males (including but not limited to Defendant Morgan and Defendant Iwanicki) approaching her in what Plaintiff viewed as some sort of formation as she sat in her vehicle. Without provocation, Defendants intended to and took action to discredit and even attempt to 5150 Plaintiff. Defendants defamed Plaintiff, disregarded Plaintiff's statements and evidence, misrepresented Plaintiff and witness statements and misrepresented other facts through numerous false statements in person and on the police report they took. When notified of the false statements by Plaintiff, Defendant supervisors Chief Chaplin, Sgt Hoyer, and Sgt Maloney also treated Plaintiff with bias and refused to correct or supplement the police reports with accurate information (in violation of the CA Information Practices Act), refused to supplement the police report with expert report evidence that would substantiate Plaintiff's credibility and refused to accord Plaintiff with her due process rights otherwise. All Defendants refused to intervene when they were aware of another officer's unlawful conduct

(including Defendant Iwanicki and Sgt Hoyer who were on the scene). After Plaintiff filed a complained with Hayward PD's Internal Affairs, Defendants conducted a biased investigation and did not interview Plaintiff regarding her claims, disregarded evidence and did not take meaningful steps to investigate numerous false statements (which Plaintiff proved through the investigation of an outside agency). Defendants individually and in concert took action to discredit, defame, threaten and coerce Plaintiff into silence. Plaintiff was indeed silenced and stopped filing police reports after this incident.

3. Defendants' conduct was entirely unreasonable and unconstitutional. The acts and/or omissions of the Defendants, and the other individuals that harassed and/or retaliated against Plaintiff, constitute fraud, oppression and/or malice, and were conducted on the part of an officer, director and/or managing agent of Defendants.

4. As a result, Plaintiff seeks compensatory damages for medical, reputational and emotional damages in excess of the jurisdictional minimum of $25,000.

## JURISDICTION AND VENUE

5. This action arises subject to 42 U.S. Code § 1983; First, Fourth, & Fourteenth Amendments; 42 U.S. Code § 1985; Conspiracy to Violate Rights, Cal. Civ. Code § 52.1.

6. The unlawful acts took place in the City of Hayward, County of Alameda, CA, where Defendants are located. Venue is therefore proper in the Superior Court of Alameda.

## PARTIES

7. Plaintiff Jane Doe is an Asian American female and citizen of the United States. Plaintiff has a long history as a loyal and patriotic American citizen who believes in the rule of law and equal protection. She won the American Legion's Medal of Honor for courage, honor,

leadership and patriotism in her youth. She championed these values into early adulthood —
her undergraduate commencement speech for the School of Social Sciences at UC Irvine
called for more public servants to advance democratic inclusion and to oppose violence and
terrorism — and she continues with work on good government today. In graduate school and
afterward, Plaintiff objected to sexual harassment, stalking and retaliation at the University of
CA. Subsequent to her objections to sexual misconduct, Plaintiff was subjected to multiple
crimes and further retaliation, including multiple incidents of biased treatment by the
University of CA police. Plaintiff is now a professor in the Bay Area.

8.  As a victim of sexual battery, Plaintiff files this complaint under the pseudonym "Jane Doe"
to safeguard her privacy and family's safety. Filing pleadings with pseudonyms is common in
cases with victims of sexual misconduct or abuse (Starbucks Corp. v. Superior Court (2008)
168 Cal. App. 4th 1436, 1452.). Plaintiff requests that her true identity be excluded from
public records for this case. Plaintiff will amend her complaints and reveal her true identity to
parties involved in litigating as directed by the Court.

9.  Defendant Hayward Police Department is part of the City of Hayward and aware of Plaintiff's
criminal victimization, with multiple police reports filed in years prior (accompanied by
evidence and expert witness reports) including a stalking informational report. One such case
of reckless endangerment by vehicle was forwarded to the Alameda County District Attorney
for prosecution.

10. Defendant City of Hayward is, and at all times herein mentioned was, a municipal corporation
duly organized and existing under the laws of the State of California;

11. Defendant Tony Chaplin (hereinafter "Defendant Chaplin" or "Chief Chaplin"), is, and at all
times herein mentioned was, the Chief of Police for the City of Hayward. Defendant Chaplin

is sued in his individual and official capacities. At all times mentioned herein, Plaintiff is informed and believes and thereon alleges that Defendant Chaplin was the policymaker for Defendant City of Hayward on issues related herein including but not limited to customs, policies, and practices of the City of Hayward Police Department for training, hiring, supervision and discipline of police officers.

12. Defendant Daniel Morgan (hereinafter "Defendant Morgan" or "Officer Morgan") was at all times herein mentioned a police officer for the City of Hayward.

13. Defendant Alex Iwanicki (hereinafter "Defendant Iwanicki" or "Officer Iwanicki") was at all times herein mentioned a police officer for the City of Hayward.

14. Defendant Sgt Zachary Hoyer, (hereinafter "Defendant Hoyer" or "Sgt Hoyer") was at all times herein mentioned a police supervisor for the City of Hayward.

15. Defendant Sgt Faye Maloney (hereinafter "Defendant Maloney" or "Sgt Maloney") was at all times herein mentioned a police supervisor for the City of Hayward.

16. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as ROES 1 through 50, inclusive. Plaintiff therefore sues said Defendants pursuant to Section 474 of the Code of Civil Procedure. Plaintiff is informed and believes and based thereon alleges that Defendants DOES are employees of Defendants and/or residents and domiciliaries of California. Plaintiff will amend her Complaint to set forth the true names and capacities of said Defendants, when ascertained.

17. Plaintiff is informed and believes, and upon such information and belief alleges thereon, that each of the Defendants designated herein as DOE is negligently, intentionally, strictly liable or otherwise legally responsible in some manner for the events and happenings herein referred

to, and negligently, intentionally, strictly liable or otherwise caused damages proximately thereby to Plaintiff, as hereinafter alleged.

18. Plaintiff is informed, believes and thereon alleges that Defendants were, at all relevant times, the employers of individuals that are responsible for the wrongful acts and omissions complained of against Plaintiff; thus, Plaintiff believes and thereon alleges that Defendants are vicariously liable for their actions and all other actors associated with the harm to Plaintiff. Plaintiff is informed and believes, and thereon alleges, that, at all times herein mentioned, each of the Defendants was the agent, alter ego, co-conspirator, partner, employee, supervisor, servant, successor and/or joint venturer of each of the remaining Defendants, and in doing the things alleged herein, was acting within the course, scope, and authority of such agency, employment, and/or joint venture, and with the consent and permission of each of the other Defendants. Plaintiff is further informed and believes, and thereon alleges, that all acts and omissions alleged herein were ratified and approved by the officers, directors, and/or managing agents of each Defendant.

19. In engaging in the acts alleged herein, Defendants and each of them acted within the course and scope of their employment for the City of Hayward.

20. In engaging in the acts alleged herein, Defendants and each of them acted under authority and/or under color of law.

## ADMINISTRATIVE PREREQUISITES

21. Plaintiffs are required to comply with the California Government Claims Act. Plaintiff submitted her initial claim via email on November 27, 2022 and followed with in-person service of the claim to the City Clerk of Hayward on Monday, November 28, 2022. The claim was rejected by the City of Hayward in a letter dated January 6, 2023 (See Exhibit A attached

for a true and correct copy of the City of Hayward Notice of Rejection of Claim, which stated that, "you have only six months from the date this notice was personally delivered or deposited in the mail to file an action in California state court on this claim").

22. Therefore, Plaintiff has exhausted her administrative remedies according to CA Govt Code § 910.

**ALLEGATIONS**

23. Each of the Defendants is responsible for the unlawful conduct and harm by participating in the conduct, either individually or jointly with others who, inter alia, authorized, acquiesced, condoned, took action, omitted action, failed to take action to prevent unlawful conduct, promulgated, and/or failed to promulgate policies and procedures regarding the unlawful conduct, failing and refusing to begin and maintain adequate protocols, procedures and policies, and by ratifying or condoning the unlawful conduct of officers, deputies, agents, and employees under their direction and control.

24. Plaintiff came to the Hayward PD lobby on May 27, 2022 to file a police report regarding sexual assault/battery and hate crime at approximately 11:45am. At 11:50am, the Call for Service Detail Report notes "Unit Status Change DISP Call Number: 147…Call Type: 415C" before the Call for Service report indicated that Defendant was on scene at 1:39pm.

25. Officer Morgan and Sgt Hoyer failed to properly investigate claims, and were disrespectful, intimidating and dismissive, showing no concern for the matters raised by Plaintiff. City Defendant's employees decided to harass Plaintiff, making her wait for a long time while standing for approximately an hour and a half, which would likely destabilize and agitate someone were that person unstable. Plaintiff patiently waited and subsequently waited in her car after being unable to stand in the lobby any longer.

26. Without provocation, Defendants called in a crisis or mental health worker, thereby threatening Plaintiff with a 5150, prior to speaking with her in order to take her report. Plaintiff did not express any emotional instability and was no danger to herself or to others at any point.

27. Defendants – Defendant Morgan, Defendant Iwanicki -- and Social Worker Tim Henry approached Plaintiff while she was seated in her car, making Plaintiff feel surrounded and intimidating Plaintiff. Defendant Morgan attempted to influence Plaintiff to take her sensitive report outside in the parking lot away from other witnesses. Defendant Morgan claimed that there was no good available space inside the police department building to take the report.

28. Plaintiff, however, is a prior crime victim and noted the main desk inside the police department building where she had her crime reports taken down on prior occasions.

29. Officer Morgan's May 27, 2022 report contained multiple false and defamatory statements. The false statements were then used to justify his refusal to investigate. To Plaintiff's knowledge, Officer Morgan and Sgt Hoyer refused to include relevant information including but not limited to expert reports that Plaintiff provided in person and again over email and also refused to follow up with Plaintiff, in violation of the Hayward PD Policy Manual's (2021) demand for responsiveness among officers.  Plaintiff believes that Officer Morgan has violated CA Penal Code § 118.1 (knowingly making a false statement in a police report) as well as Departmental rules for performance and general standards for ethical and honest conduct.

30. Plaintiff reported to Defendant Morgan and to Defendant Hoyer, as well as other City Defendant employees and agents, that a foreign object had been removed from her intimate parts; that she had not consented to this penetration; that her husband was a witness to its

location and removal; that an engineering lab had identified the foreign object as an electronic device/semiconductor; that a PhD in electrical engineering, former Northwestern professor and specialist in the field Dr. Liu had identified the lab that designed and manufactured this device. Plaintiff also noted that a crime of sexual assault and sexual battery (consistent with, for example, 10 U.S. Code § 920 - Art. 120 and CA Penal Code 243.4(e) (l)) is clearly established by the presence of a foreign object in one's female intimate parts when consent is not provided.

31. Officer Morgan confirmed with Plaintiff's husband that her husband was witness to foreign objects/specimens in her female intimate parts and that these specimens were extracted and sent to a lab for analysis. However, Defendant Morgan denied that this was useful information.

32. In making her report to the Hayward Police Department, Plaintiff provided multiple expert reports indicating key facts such as that after electronic computational analysis, an engineering lab found that these same foreign objects/specimens tested positive as devices with semiconductors/electronic devices.

33. Plaintiff also provided an expert report by a PhD in electrical engineering and former professor, at Northwestern University Dr. Liu, who identified these specimens as foreign objects manufactured in a lab (see Dr. Liu expert report).

34. Dr. Gerstenfeld, PhD in psychology and renowned expert in hate crimes, stated in her report that Plaintiff provided to Hayward PD: "I conclude that a strong case could be made that Dr. Le has been the victim of hate crimes in violation of 8 U.S.C. § 249." Furthermore, she also concludes: " I believe that domestic terrorism charges could be successfully levied against the person who victimized Dr. Le and her family."

35. In spite of the evidence provided and clearly raised, Officer Morgan intentionally made numerous false and/or defamatory statements in order to retaliate and discredit me: Examples of False Statements

   a. Officer Morgan wrote in the police report: "All the reports Le downloaded from the Internet could not tell me the simple fact of how these tiny (half-inch) resistors appeared in her vagina. These reports were not useful or relevant.'" However, Plaintiff did not bring or provide a single report that was "downloaded from the Internet" or that was otherwise publicly available. At the time of reporting, Plaintiff provided at least 3 expert reports with evaluation of evidence specific to her case of sexual assault/battery and specific to her status as a victim of crime and followed up again with these reports over email.

   b. Officer Morgan made the false statement and labeled Plaintiff as "subject type" "Informant" (page 1 of Disposition Report). Plaintiff never disclosed that she was an informant. Plaintiff has never been questioned as the suspect for any investigation, never been arrested and has never made a deal with anyone.

   c. Officer Morgan made a false statement when he declared that he "found no new evidence of a crime" after speaking to Plaintiff's husband. Her husband is a witness to the fact that these foreign objects were inside my female intimate parts against her consent (sexual battery). Therefore, however, her husband provided testimony or new evidence of a crime.

   d. Officer Morgan made a false statement when he declared that, "Le reached inside her vagina to retrieve 2-3 tiny resistor wires." a. Plaintiff did not state that she "reached inside her vagina to retrieve 2-3 tiny resistor wires." b. Plaintiff did not reach inside

her vagina. Plaintiff did not remove any specimen herself. c. Plaintiff did not mention "resistor wires" d. Each of the above are fabricated statements. Officer Morgan put words in Plaintiff's mouth and made these fabricated statements to undermine the truth. Plaintiff could not have done this to herself.

e. Defendant Morgan stated, Plaintiff "offered no rational explanation (i.e., recent surgeries, a sexual assault, or suspects) for possible causes. She was only interested in researching the company who manufactured the electronics to support her conspiracy theory." a. Although Plaintiff did provide leads, Plaintiff made this police report in order to investigate the incident and to identify any party involved in a systematic investigation. Plaintiff was NOT "only interested in researching the company who manufactured the electronics." b. Plaintiff never mentioned "conspiracy theory." c. Obviously the technology could have been inserted into Plaintiff in numerous ways. Logical steps for an investigation include investigating how the technology that experts identified is utilized/implemented and to whom it has been distributed.

f. Officer Morgan attempted to discredit Plaintiff's report as lacking in rational explanation. Although Plaintiff does not know how the technology was inserted into me, not all victims know at the time. For example, 2015 sexual battery victim Chanel Miller was unconscious and unaware of Brock Turner's penetration of her intimate parts with a foreign object and would have remained so except for a passerby who witnessed the incident.

g. Officer Morgan stated on page 2 of the Disposition Report, "The 'Alameda County Mental Health Clinician listened to Le and later made his assessment as delusional behavior, similar to Schizophrenia. He provided Le with a mental health service

pamphlet for her to follow-up to receive mental health services." (After Alameda County Behavior Services investigated the incident, however, this separate county agency determined that the "mental health clinician" referred to by Defendant Morgan never made a negative assessment about Plaintiff's mental health. This was a fabricated, false and defamatory statement manufactured by Defendant Morgan.)

h. a. The mental health clinician or social worker, as he identified himself to Plaintiff, provided Plaintiff with his pamphlet when we first sat down inside the station (after Plaintiff asked him who he was), prior to any statements that Plaintiff made about the case. Officer Morgan's retelling is misleading in that it makes it appear that the social worker listened to Plaintiff's account and then subsequently provided Plaintiff with the pamphlet.

i. Sgt Hoyer participated in the wrongful acts of Officer Morgan. Officer Morgan stated: "I spoke to Sgt Hoyer, who was my Sergeant that day. He accompanied me to speak with Le. He too found her statement delusional and not possible." Sgt Hoyer did not prevent Officer Morgan's wrongful acts, although he had the knowledge and ability to do so as Sgt Hoyer was his supervisor.

j. Plaintiff read from the expert report by the PhD in electrical engineering Dr. Liu out loud at the police station while reporting the incident in the presence of officers. Both Officer Morgan and Sgt Hoyer therefore knew that the specimens Plaintiff reported had been evaluated and found to be some sort of technology by experts.

k. Plaintiff also provided the officers with a copy of the expert report by a PhD in psychology and criminology and hate crime expert Dr. Gerstenfeld indicating that Plaintiff is a credible victim of multiple crimes. With this clearly delineated, Plaintiff

requested assistance regarding the pattern of crime. At the end of Plaintiff's time at the station, Sgt Hoyer stated that he had read the Dr. Gerstenfeld report and stated "good luck with that," providing no other assistance.

l.   Plaintiff asked for assistance from Sgt Hoyer again on May 27 ,2022 and on June 1, 2022 over email. Plaintiff's email stated: "Sgt Hoyer, I would like to ask for your advice about what to do regarding the pattern or serial nature of these crimes over time (over and above the significance of individual events) -- you see from the report that Dr. Gerstenfeld indicates that I have been subjected to hate crimes and terrorism." Sgt Hoyer did not reply to any email. Plaintiff understands that neither Sgt Hoyer nor Officer Morgan contacted Dr. Gerstenfeld.

m.   Plaintiff's follow-up emails on May 27,2022 and June 1, 2022 to Defendant Morgan and Defendant Hoyer provided "supplementals...that should be attached to...Report May 27, 2022." Plaintiff also wrote at the bottom of her May 27, 2022 email: "I did show you the attached reports in person, but you did not take the hard copies. Please see electronic copies of these reports attached and include them as supplementals to your report for today." However, these were not included as supplementals to the May 27, 2022 report. Despite multiple opportunities to include her evidence, Officer Morgan purposefully excluded the evidence. Sgt Hoyer did not prevent him from doing so, although he was aware of the circumstances and evidence. Both officers participated in defaming Plaintiff and committing libel while excluding evidence.

n.   On May 27 and June 1, 2022, Plaintiff asked Officer Morgan and Sgt Hoyer to include a reference to her stalking informational report in the new case, per Hayward PD advice prior/policy (I understand that is the procedure the Hayward PD should follow

for stalking victims), but they refused to do so, excluding key information from the record such that the any analysis for a pattern of violations is missing important information.

o.  Instead of properly documenting the crime, Officer Morgan's report concluded, "A records check showed a long pattern of Le requesting reports for bizarre incidents that kept happening to her." Officer Morgan used this statement to discredit Plaintiff. In doing so, he makes another systematic attempt to undermine the work of all the experts and officers that had prior substantiated crimes/suspicious activity against Plaintiff.

p.  The "Reviewed by" line on the DISPOSITION REPORT is blank, which shows Defendants violated normal practice in producing this defamatory report laden with false statements without the signature of a supervisor.

q.  Defendant Morgan made other statements using language to discredit Plaintiff: a. Without investigating, at the station, Officer Morgan stated that one could easily obtain the technology as commonplace without any investigation. B. Without investigating, at the station, Officer Morgan accused Plaintiff of inserting the technology into herself.

r.  Officer Morgan and Sgt Hoyer were provided with PhD in Psychology and criminology/hate: crimes expert Dr. Gerstenfeld's contact information in person at the station, in her expert report and afterward over email; but they refused to contact her even as Officer Morgan attempted to discredit Plaintiff on the basis of mental health and Sgt Hoyer participated and/or failed to prevent Officer Morgan's misconduct.

36. Officer Morgan filed a false report with multiple false and misleading statements reflecting his biased treatment of Plaintiff.   Officer Morgan systematically attempted to undermine Plaintiff, to misrepresent her expert reports, to misrepresent her husband's testimony and even to undermine the work substantiating many crimes by officers prior.  Plaintiff requested to speak to his supervisor that day, Sgt Hoyer, and followed up again over email hoping for an intervention. Sgt Hoyer failed to intervene in his role as supervisor to Defendant Morgan.

37. On May 27, June 1 and June 4, Plaintiff followed up over email with Defendant Morgan and Defendant Hoyer, providing electronic copies of expert reports and requesting that these be attached as supplementals to the police report, asking that the officers add the stalking informational report number to the new police report and providing contact information for an expert in criminal justice and PhD in psychology Dr. Gerstenfeld and providing other information. The officers did not reply and did not comply with Plaintiff's proper requests.

38. On November 27, 2022, Plaintiff submitted a complaint to Internal Affairs of Hayward PD including but not limited to the aforementioned allegations. Plaintiff learned that Sgt Maloney was in charge of her complaint and had forwarded information to the city attorney. The City of Hayward determined the complaint was unfounded.

39. On November 27, 2022, Plaintiff also submitted a complaint to Alameda County Behavioral Health as a whistleblower regarding Defendant Morgan's attribution to Mental Heath/Social Worker Tim Henry about Plaintiff's mental health. As a result of the County investigation, Plaintiff learned that Defendant Morgan indeed fabricated his statement and information, as no negative statement about Plaintiff's mental health was made by Mr. Henry.

40. Plaintiff reported the incident to Hayward PD after communicating with Sgt Irizarry of the Special Victims Unit regarding her overall victimization. Sgt. Irizarry encouraged Plaintiff to report her sexual assault to the Hayward PD.

41. Plaintiff is a known crime victim to the Hayward PD, having reported prior incidents to Sgt Clayton and Officer Iwanicki and other officers. During the incident, Plaintiff pointed out to Officer Iwanicki (who was one of the three who approached Plaintiff in her car outside the police station) that she had prior filed a report with him and that he found her credible in prior reports. Officer Iwanicki did not intervene to stop Officer Morgan's unlawful conduct on May 27, 2022.

42. On December 26, 2022, Plaintiff wrote an email to Defendant Chaplin, providing a copy of her complaint and asking for information and evidence preservation. No reply.

43. On January 3, 2023, Plaintiff wrote to Lieutenant Linteo seeking confirmation of her IAB Complaint and inquiring into the status of investigation. Plaintiff also noted that her complaint is also against Defendant Hoyer who appeared to be working for IAB according to the Hayward PD website, which could pose a conflict of interest. Sgt Linteo referred Plaintiff to Sgt Maloney, who Plaintiff understands was in charge of investigating her complaint.

44. On February 14, 2023, Plaintiff asked Defendant Chaplin and Defendant Maloney to make a correction/update and add supplementals to the police report written by Defendant Morgan. No correction or addition was made. Plaintiff also updated her IAB complaint in this email, noting that "Officer Morgan made an additional false statement when he claimed the social worker made negative statements about my mental health on the date of my reporting of the incident at the Hayward PD, which I believe is in violation of CA Penal Code §118.1 and Hayward PD Policy." Plaintiff received no response.

45. It is abundantly clear that Defendants took action to deny Plaintiff her constitutional rights, to intimidate and coerce her, to retaliate and to discredit her. They did so knowingly, maliciously and recklessly.

46. Plaintiff is informed and believes that Defendants while acting under the color of state law, and in the course of their employment with the Defendant City and Hayward Police Department, negligently assessed and/or maliciously assessed the facts and circumstances and took coercive action to intimidate and to discredit causing harm to Plaintiff.

47. Plaintiff is informed and believes and alleges that Defendants acted without warning or provocation to intimidate, harass and coerce plaintiff by attempting to 5150 her. At no time did Plaintiff pose any reasonable or credible threat of harm to anyone.

48. Plaintiff is informed and believes and alleges that Defendants failed to intercede during the course of this misconduct, either on the scene or afterward. Defendant failure to discipline officers complained of demonstrates the entrenched culture, policy and/or practice of promoting, tolerating and/or ratifying unlawful conduct with deliberate indifference.

49. Plaintiff is informed and believes and alleges that the Hayward Police Department knew or had reason to know by way of actual or constructive notice of the aforementioned laws, policy, culture, pattern and/or practice and the conduct complained of as well as resultant violations and injuries.

50. The acts and omissions of Defendants were shocking, reckless, deliberately indifferent, and/or intentionally deprived Plaintiff of her rights or in the alternative, negligent and objectively unreasonable.

## DAMAGES (FOR ALL CAUSES OF ACTION)

51. As a direct and proximate result of Defendants' battery, Plaintiff has sustained, and continues to sustain economic and noneconomic damages including but not limited to loss of earnings, wages, benefits, emotional distress, and other damages in an amount to be proven at trial. Plaintiff seeks past and future economic and non-economic damages, other items of special damages, costs, prejudgment and post judgment interest and attorneys' fees as well as any other relief allowable by law.

52. As a further proximate result of Defendants' actions, as alleged above and herein, Plaintiff has been harmed in that Plaintiff has suffered the intangible loss of such personal, professional and community related opportunities.

53. As a further proximate result of Defendants' actions, as alleged above and herein, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body.

54. As a further proximate result of the acts alleged above, Plaintiff was required to and did employ medical professionals to examine, treat, and care for her and incurred additional medical expenses and other incidental medical expenses in an amount to be proved at trial.

55. As a result of Defendants' acts, omissions and/or practices, Plaintiff has been damaged in an amount not yet fully determined, but in excess of the jurisdictional minimum to be proven at trial.


## FIRST CAUSE OF ACTION
### 42 U.S. Code § 1983 Violation of the First Amendment

56. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

57. Plaintiff has a First Amendment Right to file a police report without threat, intimidation, coercion, interference and being faced with biased treatment.

58. Defendants acts and omissions were outrageous, unlawful, unreasonable and unacceptable.

59. Defendants had a duty not to expose Plaintiff to unreasonable risks of harm including but not limited to risks of harm resulting from wrongful, malicious, illegal conduct and/or reckless conduct.

60. Defendants failed in hiring, training, supervision and retention of employees. Defendants' acts and omissions included failing to train, to report harassment and misconduct and to prevent harm.

61. Defendants knew and/or should have known that their conduct would cause and did cause Plaintiff to suffer severe emotional distress, disturbance, mental anguish and physical injury that resulted.

62. Defendants breached their duty to Plaintiff when they engaged in and refused to end and/or remedy the illegal conduct including but not limited to the incidents described herein.

63. Defendants either directly participated in the conduct, ratified the conduct, or Defendants knew or should have known of the conduct and failed to take immediate and appropriate corrective action.

64. The above-recited actions of Defendants were done with malice, fraud, willful and/or oppression and in reckless disregard of the Plaintiff's rights and well-being, and justify the award of exemplary and punitive damages.

## SECOND CAUSE OF ACTION

42 U.S. Code § 1983 Violation of the Fourth and/or Fourteenth Amendment

65. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

66. Defendants violated Plaintiff's Fourth and Fourteenth Amendment rights and liberties including but not limited to be secure in her person and not to be deprived of her life, liberty and property by acting with recklessness, deliberate indifference and with gross negligence, by intimidating her, attempting to coerce her, denying her due process and violating her rights.

67. Defendants violated the Fourteenth Amendment when they treated her with bias due to her identity as an Asian American female reporting sexual assault/battery/harassment. Plaintiff has a right to equal protection but was instead retaliated against for her report.

68. At all relevant times, Defendants knowingly maintained, enforced and applied an official, recognized policy, custom or practice affecting the public and people in Plaintiff's class as an Asian American and as a woman: including but not limited to:

    a. Inadequately supervising, training, and disciplining City police officers and other personnel, who knew or should have known about their propensity to abuse authority and harm citizens by failing to follow City of Hayward police department policies and violating constitutional rights.

    b. Employing City of Hayward police officers and other personnel, who knew or should have known about their propensity to abuse their authority and harm citizens by failing to follow City of Hayward police department policies and violating constitutional rights.

    c. Failing to discipline police officers and supervisors for misconduct

    d. Failing to maintain adequate procedures for reporting, intervening, investigating, disciplining and controlling intentional misconduct of Defendants, agents and employees.

    e. Failing to investigate properly claims of misconduct

    f. Ratifying intentional misconduct.

    g. Refusing to correct intentional misconduct or resulting harms.

69. Defendants acts and omissions were outrageous, unlawful, unreasonable and unacceptable.

70. Defendants had a duty not to expose Plaintiff to unreasonable risks of harm including but not limited to risks of harm resulting from wrongful, malicious, illegal conduct and/or reckless conduct.

71. Defendants failed in hiring, training, supervision and retention of employees. Defendants acts and omissions included failing to train, to report harassment and misconduct and to prevent harm.

72. Defendants knew and/or should have known that their conduct would cause and did cause Plaintiff to suffer severe emotional distress, disturbance, mental anguish and physical injury that resulted.

73. Defendants breached their duty to Plaintiff when they engaged in and refused to end and/or remedy the illegal conduct including but not limited to the incidents described herein.

74. Defendants either directly participated in the conduct, ratified the conduct, or Defendants knew or should have known of the conduct and failed to take immediate and appropriate corrective action.

75. The above-recited actions of Defendants were done with malice, fraud, willful and/or oppressive and in reckless disregard of the Plaintiff's rights and well-being, and justify the award of exemplary and punitive damages.

## THIRD CAUSE OF ACTION

Monell – Municipal Liability for Unconstitutional Custom or Policy

76. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

77. Defendants were deliberately indifferent toward training or supervision, and on information and belief, violated constitutional rights so often that the need for more training was plainly

obvious to city policymakers, although the latter were nevertheless deliberately indifferent to this need.

78. On information and belief, Defendants' police officer conduct was ratified by Defendant's supervisorial officers.

79. On information and belief, Defendants were not subjected to discipline for their unlawful conduct.

80. Defendants deprived Plaintiff of her constitutional rights under the First, Fourth and Fourteenth Amendment.

81. Defendants' acts and omissions were outrageous, unlawful, unreasonable and unacceptable.

82. Defendants had a duty not to expose Plaintiff to unreasonable risks of harm including but not limited to risks of harm resulting from wrongful, malicious, illegal conduct and/or reckless conduct.

83. Defendants failed in hiring, training, supervision and retention of employees. Defendants' acts and omissions included failing to train, to report harassment and misconduct and to prevent harm.

84. Defendants knew and/or should have known that their conduct would cause and did cause Plaintiff to suffer severe emotional distress, disturbance, mental anguish and physical injury that resulted.

85. Defendants breached their duty to Plaintiff when they engaged in and refused to end and/or remedy the illegal conduct including but not limited to the incidents described herein.

86. Defendants either directly participated in the conduct, ratified the conduct, or Defendants knew or should have known of the conduct and failed to take immediate and appropriate corrective action.

87. The above-recited actions of Defendants were done with malice, fraud, willful and/or oppressive and in reckless disregard of Plaintiff's rights and well-being, and justify the award of exemplary and punitive damages.

## FOURTH CAUSE OF ACTION

### 42 U.S. Code § 1985; Conspiracy to Violate Rights

88. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

89. Defendants acted in concert to deny Plaintiff's constitutional and statutory rights.

90. Defendants' acts and omissions were outrageous, unlawful, unreasonable and unacceptable.

91. Defendants had a duty not to expose Plaintiff to unreasonable risks of harm including but not limited to risks of harm resulting from wrongful, malicious, illegal conduct and/or reckless conduct.

92. Defendants failed in hiring, training, supervision and retention of employees. Defendants' acts and omissions including failing to train, to report harassment and misconduct and to prevent harm.

93. Defendants knew and/or should have known that their conduct would cause and did cause Plaintiff to suffer severe emotional distress, disturbance, mental anguish and physical injury that resulted.

94. Defendants breached their duty to Plaintiff when they engaged in and refused to end and/or remedy the illegal conduct including but not limited to the incidents described herein.

95. Defendants either directly participated in the conduct, ratified the conduct, or Defendants knew or should have known of the conduct and failed to take immediate and appropriate corrective action.

96. The above-recited actions of Defendants were done with malice, fraud, willful and/or oppression and in reckless disregard of the Plaintiff's rights and well-being, and justify the award of exemplary and punitive damages.

## FIFTH CAUSE OF ACTION
### 42 U.S. Code § 1981

97. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

98. Defendants deprived Plaintiff, an Asian American woman and crime victim, of her equal rights under the law. Under U.S. Code § 1981, Plaintiff has a right to "give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens."

99. Defendants' acts and omissions were outrageous, unlawful, unreasonable and unacceptable.

100.    Defendants had a duty not to expose Plaintiff to unreasonable risks of harm including but not limited to risks of harm resulting from wrongful, malicious, illegal conduct and/or reckless conduct.

101.    Defendants failed in hiring, training, supervision and retention of employees. Defendants' acts and omissions included failing to train, to report harassment and misconduct and to prevent harm.

102.    Defendants knew and/or should have known that their conduct would cause and did cause Plaintiff to suffer severe emotional distress, disturbance, mental anguish and physical injury that resulted.

103.    Defendants breached their duty to Plaintiff when they engaged in and refused to end and/or remedy the illegal conduct including but not limited to the incidents described herein.

104.    Defendants either directly participated in the conduct, ratified the conduct, or
Defendants knew or should have known of the conduct and failed to take immediate and
appropriate corrective action.

105.    The above-recited actions of Defendants were done with malice, fraud, willful and/or
oppressive and in reckless disregard of the Plaintiff's rights and well-being, and justify the
award of exemplary and punitive damages.

### SIXTH CAUSE OF ACTION
Cal. Civ. Code § 52.1

106.    Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

107.    Defendants' acts and omissions subjected Plaintiff to threats, intimidation and/or
coercion.

108.    These actions were in retaliation for Plaintiff having dared to report the sexual
assault/battery and interfered with her First, Fourth, and Fourteenth Amendment rights and
other statutory rights. These acts were intentional, deliberate and spiteful.

109.    Defendants' acts and omissions were outrageous, unlawful, unreasonable and
unacceptable.

110.    Defendants had a duty not to expose Plaintiff to unreasonable risks of harm including
but not limited to risks of harm resulting from wrongful, malicious, illegal conduct and/or
reckless conduct.

111.    Defendants failed in hiring, training, supervision and retention of employees.
Defendants' acts and omissions included failing to train, to report harassment and misconduct
and to prevent harm.

112.     Defendants knew and/or should have known that their conduct would cause and did cause Plaintiff to suffer severe emotional distress, disturbance, mental anguish and physical injury that resulted.

113.     Defendants breached their duty to Plaintiff when they engaged in and refused to end and/or remedy the illegal conduct including but not limited to the incidents described herein.

114.     Defendants either directly participated in the conduct, ratified the conduct, or Defendants knew or should have known of the conduct and failed to take immediate and appropriate corrective action.

115.     The above-recited actions of Defendants were done with malice, fraud, willful and/or oppressive and in reckless disregard of Plaintiff's rights and well-being, and justify the award of exemplary and punitive damages.

## SEVENTH CAUSE OF ACTION
### Defamation

116.     Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

117.     Defendants acts and omissions were outrageous, unlawful, unreasonable and unacceptable. Defendants made many false statements as elaborated prior including but not limited to statements on page 10, line 1 through page 14, line 26.

118.     Defendants had a duty not to expose Plaintiff to unreasonable risks of harm including but not limited to risks of harm resulting from wrongful, malicious, illegal conduct and/or reckless conduct.

119.     Defendants failed in hiring, training, supervision and retention of employees. Defendants' acts and omissions included failing to train, to report harassment and misconduct and to prevent harm.

120.     Defendants knew and/or should have known that their conduct would cause and did cause Plaintiff to suffer severe emotional distress, disturbance, mental anguish and physical injury that resulted.

121.     Defendants breached their duty to Plaintiff when they engaged in and refused to end and/or remedy the illegal conduct including but not limited to the incidents described herein.

122.     Defendants either directly participated in the conduct, ratified the conduct, or Defendants knew or should have known of the conduct and failed to take immediate and appropriate corrective action.

123.     The above-recited actions of Defendants were done with malice, fraud, willful and/or oppressive and in reckless disregard of the Plaintiff's rights and well-being, and justify the award of exemplary and punitive damages.

## EIGHTH CAUSE OF ACTION
### Defamation Per Se

124.     Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

125.     Defendants acts and omissions included but were not limited to outrageous, unlawful, unreasonable and unacceptable. Defendants made many false statements as elaborated prior including but not limited to statements on page 10, line 1 through page 14, line 26.

126.     Defendants had a duty not to expose Plaintiff to unreasonable risks of harm including but not limited to risks of harm resulting from wrongful, malicious, illegal conduct and/or reckless conduct.

127.     Defendants failed in hiring, training, supervision and retention of employees. Defendants acts and omissions including failing to train, to report harassment and misconduct and to prevent harm.

128.     Defendants knew and/or should have known that their conduct would cause and did cause Plaintiff to suffer severe emotional distress, disturbance, mental anguish and physical injury that resulted.

129.     Defendants breached their duty to Plaintiff when they engaged in and refused to end and/or remedy the illegal conduct including but not limited to the incidents described herein.

130.     Defendants either directly participated in the conduct, ratified the conduct, or Defendants knew or should have known of the conduct and failed to take immediate and appropriate corrective action.

131.     The above-recited actions of Defendants were done with malice, fraud, willful and/or oppression and in reckless disregard of the Plaintiff's rights and well-being, and justify the award of exemplary and punitive damages.

## NINTH CAUSE OF ACTION
### Invasion of Privacy - False Light

132.     Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

133.     Defendants acts and omissions included but were not limited to outrageous, unlawful, unreasonable and unacceptable. Defendants made many misleading statements that framed Plaintiff in a false light as elaborated prior including but not limited to statements on page 10, line 1 through page 14, line 26.

134.     Defendants had a duty not to expose Plaintiff to unreasonable risks of harm including but not limited to risks of harm resulting from wrongful, malicious, illegal conduct and/or reckless conduct.

135.     Defendants failed in hiring, training, supervision and retention of employees. Defendants' acts and omissions included failing to train, to report harassment and misconduct and to prevent harm.

136.     Defendants knew and/or should have known that their conduct would cause and did cause Plaintiff to suffer severe emotional distress, disturbance, mental anguish and physical injury that resulted.

137.     Defendants breached their duty to Plaintiff when they engaged in and refused to end and/or remedy the illegal conduct including but not limited to the incidents described herein.

138.     Defendants either directly participated in the conduct, ratified the conduct, or Defendants knew or should have known of the conduct and failed to take immediate and appropriate corrective action.

139.     The above-recited actions of Defendants were done with malice, fraud, willful and/or oppression and in reckless disregard of the Plaintiff's rights and well-being, and justify the award of exemplary and punitive damages.

## TENTH CAUSE OF ACTION
### Negligence

140.     Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

141.     Under Govt Code § 815.2, Defendants may be held liable for negligence of supervisors in hiring, supervising and retaining employees who cause damage to a person.

142.    Under Govt Code §820(a), public employees including police officers may be held liable to the same extent as private persons under general tort principles.

143.    Defendants' acts and omissions included but were not limited to outrageous, unlawful, unreasonable and unacceptable.

144.    Defendants had a duty not to expose Plaintiff to unreasonable risks of harm including but not limited to risks of harm resulting from wrongful, malicious, illegal conduct and/or reckless conduct.

145.    Defendants failed in hiring, training, supervision and retention of employees. Defendants' acts and omissions included failing to train, to report harassment and misconduct and to prevent harm.

146.    Defendants knew and/or should have known that their conduct would cause and did cause Plaintiff to suffer severe emotional distress, disturbance, mental anguish and physical injury that resulted.

147.    Defendants breached their duty to Plaintiff when they engaged in and refused to end and/or remedy the illegal conduct including but not limited to the incidents described herein.

148.    Defendants either directly participated in the conduct, ratified the conduct, or Defendants knew or should have known of the conduct and failed to take immediate and appropriate corrective action.

149.    The above-recited actions of Defendants were done with malice, fraud, willful and/or oppressive and in reckless disregard of the Plaintiff's rights and well-being, and justify the award of exemplary and punitive damages.

## ELEVENTH CAUSE OF ACTION
### Negligence Per Se

150.    Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

151.    Defendants violated multiple laws including but not limited to violating Plaintiff's First, Fourth and Fourteenth Amendment rights, CA Penal Code §118.1, 42 U.S. Code § 1983; 42 U.S. Code § 1985 Conspiracy to Violate Rights; 42 U.S. Code § 1981; Cal. Civ. Code § 52.1 and the CA Information Practices Act.

152.    Defendants' acts and omissions were outrageous, unlawful, unreasonable and unacceptable.

153.    Defendants had a duty not to expose Plaintiff to unreasonable risks of harm including but not limited to risks of harm resulting from wrongful, malicious, illegal conduct and/or reckless conduct.

154.    Defendants failed in hiring, training, supervision and retention of employees. Defendants' acts and omissions including failing to train, to report harassment and misconduct and to prevent harm.

155.    Defendants knew and/or should have known that their conduct would cause and did cause Plaintiff to suffer severe emotional distress, disturbance, mental anguish and physical injury that resulted.

156.    Defendants breached their duty to Plaintiff when they engaged in and refused to end and/or remedy the illegal conduct including but not limited to the incidents described herein.

157.    Defendants either directly participated in the conduct, ratified the conduct, or Defendants knew or should have known of the conduct and failed to take immediate and appropriate corrective action.

158.     The above-recited actions of Defendants were done with malice, fraud, willful and/or oppressive and in reckless disregard of the Plaintiff's rights and well-being, and justify the award of exemplary and punitive damages.

## TWELFTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

159.     Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

160.     Defendants acts and omissions were outrageous, unlawful, unreasonable and unacceptable.

161.     Defendants had a duty not to expose Plaintiff to unreasonable risks of harm including but not limited to risks of harm resulting from wrongful, malicious, illegal conduct and/or reckless conduct.

162.     Defendants failed in hiring, training, supervision and retention of employees. Defendants acts and omissions including failing to train, to report harassment and misconduct and to prevent harm.

163.     Defendants knew and/or should have known that their conduct would cause and did cause Plaintiff to suffer severe emotional distress, disturbance, mental anguish and physical injury that resulted.

164.     Defendants breached their duty to Plaintiff when they engaged in and refused to end and/or remedy the illegal conduct including but not limited to the incidents described herein.

165.     Defendants either directly participated in the conduct, ratified the conduct, or Defendants knew or should have known of the conduct and failed to take immediate and appropriate corrective action.

166.     The above-recited actions of Defendants were done with malice, fraud, willful and/or oppression and in reckless disregard of the Plaintiff's rights and well-being, and justify the award of exemplary and punitive damages.

## THIRTEENTH CAUSE OF ACTION
Intentional Infliction of Emotional Distress

167.     Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

168.     Inter alia, Defendants used government resources to retaliate against Plaintiff for her reporting of sexual assault/battery and crime. Without provocation, Defendants harassed Plaintiff, forcing her to wait while standing for an hour and a half, then made her feel surrounded after she subsequently waited in her car with 3 white males approaching in an intimidating formation. Defendants intended to and took action to attempt to 5150 Plaintiff. Defendants defamed Plaintiff and misrepresented the facts through numerous false statements in person and on the police report they took. When notified of the false statements, Defendants refused to correct the police reports (in violation of the CA Information Practices Act), supplement or accord Plaintiff with her due process rights. Defendants refused to intervene when they were aware of another officer's unlawful conduct. Defendants conducted a biased investigation and did not interview Plaintiff regarding her claims, disregarded evidence and did not take meaningful steps to investigate numerous false statements. Defendants individually and in concert took action to discredit, defame, threaten and coerce Plaintiff into silence. Plaintiff was indeed silenced and stopped filing police reports after this incident.

169.     Pursuant to Govt Code §820(a), Defendant public employees are liable to same extent for their acts and omissions as a private person. Pursuant to Govt Code §815.2, Defendant

City of Hayward is liable for the acts and omissions of employees who were acting within the course and scope of their employment with the City of Hayward.

170.     Defendants' acts and omissions were outrageous, unlawful, unreasonable and unacceptable.

171.     Defendants had a duty not to expose Plaintiff to unreasonable risks of harm including but not limited to risks of harm resulting from wrongful, malicious, illegal conduct and/or reckless conduct.

172.     Defendants failed in hiring, training, supervision and retention of employees. Defendants acts and omissions included failing to train, to report harassment and misconduct and to prevent harm.

173.     Defendants knew and/or should have known that their conduct would cause and did cause Plaintiff to suffer severe emotional distress, disturbance, mental anguish and physical injury that resulted.

174.     Defendants breached their duty to Plaintiff when they engaged in and refused to end and/or remedy the illegal conduct including but not limited to the incidents described herein.

175.     Defendants either directly participated in the conduct, ratified the conduct, or Defendants knew or should have known of the conduct and failed to take immediate and appropriate corrective action.

176.     The above-recited actions of Defendants were done with malice, fraud, willful and/or oppression and in reckless disregard of the Plaintiff's rights and well-being, and justify the award of exemplary and punitive damages.

**PRAYER**

WHEREFORE, Plaintiff, prays judgment against defendant, and each of them, as follows:

I.         For general damages in an amount to be proven at trial;

II.        For special damages in an amount to be proven at trial;

III.       For punitive damages in an amount that will punish and deter Defendant(s) from engaging in, condoning and failing to end the harmful practices and treatment;

IV.       For costs of suit incurred herein;

V.        For reasonable attorney's fees

VI.       For interest on the sum of damages awarded, calculated from the date the first injury began to the date of judgment;

VII.      For preliminary and permanent injunctive relief;

VIII.     For an order Defendants to identify all parties with information and records and require all to preserve such information and records:

IX.       For such other and further relief as the court may deem just and proper.

DATED: July 6, 2023

*Jane Doe*
_____
JANE DOE

In Pro Per

## DEMAND FOR JURY TRIAL

DATED: July 6, 2023

– 35 –
COMPLAINT FOR DAMAGES

1

2

3

_Jane Doe_

JANE DOE

In Pro Per

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A



## NOTICE OF REJECTION OF CLAIM

Dr. Loan Le
5424 Sunol Blvd, Suite 10-475
Pleasanton, CA 94566

> Re:     Claimant: *Dr. Loan Le*
> City Claim No.: 23042

**NOTICE IS HEREBY GIVEN** that the claim(s) for money and/or damages against the City of Hayward which you presented to the City Clerk of the City of Hayward on November 28, 2022 was rejected by the City of Hayward on January 6, 2023.

### WARNING

Subject to certain exceptions, you have only six months from the date this notice was personally delivered or deposited in the mail to file an action in California state court on this claim.  (See California Government Code, section 945.6.)  This warning does not apply to statutes of limitations for federal causes of action.

You may seek the advice of an attorney at law of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

Please also be advised that pursuant to sections 128.5 and 1038 of the California Code of Civil Procedure, the City of Hayward will seek to recover all costs of defense in the event a legal action is filed in the matter and it is determined the action was not filed in good faith and with reasonable cause.

Dated: January 6, 2023

City Clerk of the City of Hayward

By: _____

Deputy City Clerk
Avinta Madhukansh

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF ALAMEDA

I am over the age of 18 and not a party to the action; my business address is 777 "B" Street, Hayward, CA 94541-5007. I am employed in Alameda County, California.

On January 6, 2023, I served the attached NOTICE OF REJECTION OF CLAIM on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope, addressed as follows:

Dr. Loan Le
5424 Sunol Blvd, Suite 10-475
Pleasanton, CA 94566

[X]    **(BY MAIL)** I am readily familiar with this business' practice for collection and processing of correspondence for mailing, and that correspondence will be deposited with the U.S. Postal Service with postage fully prepaid on the date herein above in the ordinary course of business at Hayward, California.

[ ]    **(BY FACSIMILE TRANSMISSION)** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed above. No error was reported by the fax machine.

[X]    **(STATE)** Under the laws of the State of California.

[ ]    **(FEDERAL)** I declare that I am employed in the office of a member of the bars of this Court at whose direction the service was made.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed on January 6, 2023, at Hayward, California.

_____
Legal Secretary
Katie Rivera

| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF ALAMEDA** | Reserved for Clerk's File Stamp<br><br>**FILED**<br>Superior Court of California<br>County of Alameda<br><br>07/06/2023<br><br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _____ Deputy<br>S. Ashby-Anderson |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 | |
| PLAINTIFF:<br>Jane Doe | |
| DEFENDANT:<br>City of Hayward et al | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>23CV037702 |

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

| | | | | | |
|---|---|---|---|---|---|
| Date: | 11/21/2023 | Time: | 3:00 PM | Dept.: | 15 |
| Location: | Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 | | | | |

TO DEFENDANT(S)/ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

**NOTICE OF**
**CASE MANAGEMENT CONFERENCE**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>07/06/2023 |
| PLAINTIFF/PETITIONER:<br>Jane Doe | Chad Finke , Executive Officer / Clerk of the Court<br>By: _____ Deputy |
| DEFENDANT/RESPONDENT:<br>City of Hayward et al | S. Ashby-Anderson |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>23CV037702 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the attached document upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Jane Doe
5424 Sunol Blvd, Suite 10-475
Pleasanton, CA 94566

Chad Finke, Executive Officer / Clerk of the Court

Dated: 07/10/2023                          By:

S. Ashby-Anderson, Deputy Clerk

**CERTIFICATE OF MAILING**

| SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>07/06/2023<br>Chad Finke , Executive Officer / Clerk of the Court<br>By: _____ Deputy<br>S. Ashby-Anderson |
| PLAINTIFF(S):<br>Jane Doe | |
| DEFENDANT(S):<br>City of Hayward et al | |
| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>23CV037702 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:

| | |
|---|---|
| ASSIGNED JUDGE: | Jo-Lynne Lee |
| DEPARTMENT: | 15 |
| LOCATION: | Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 |
| PHONE NUMBER: | (510) 267-6931 |
| FAX NUMBER: | |
| EMAIL ADDRESS: | Dept15@alameda.courts.ca.gov |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

Please note: In this case, any challenge pursuant to Code of Civil Procedures section 170.6 must be exercised within the time period by law. (See Code of Civ. Proc. §§ 170.6, subd. (a.)(2) and 101.3)

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording. Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

GENERAL PROCEDURES

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the Rene C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544 and through Civil e-filing. Information regarding Civil e-filing can be found on the courts website. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

**NOTICE OF CASE ASSIGNMENT**

ASSIGNED FOR ALL PURPOSES TO
JUDGE Jo-Lynne Lee
DEPARTMENT 15

All parties are expected to know and comply with the Local Rules of this Court, which are available on the court's website at http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1) and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processed (ADR) prior to the Initial Case Management Conference.  The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days."   The court's website contains this form and other ADR information.  If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

COURT RESERVATIONS

The use of the Court Reservation System (CRS) is now mandated in many civil courtrooms within the Alameda County Superior Court. Instead of calling or emailing the courtroom to make a reservation, parties with a case assigned to a courtroom using CRS are directed to utilize CRS to make and manage their own reservations, within parameters set by the courtrooms. CRS is available 24 hours a day, seven days a week and reservations can be made from a computer or smart phone. Please note, you are prohibited from reserving more than one hearing date for the same motion.

Prior to scheduling any motion on CRS, including any Applications for Orders for Appearance and Examination, or continuing any motion, please review the online information (if any) for the courtroom in which you are reserving. There may be specific and important conditions associated with certain motions and proceedings. Information is available on the court's eCourt Public Portal at www.eportal.alameda.courts.ca.gov.

Chad Finke, Executive Officer / Clerk of the Court

By

S. Ashby-Anderson, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT**



# Superior Court of California, County of Alameda
# Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

---

The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:

- Indicating your preference on Case Management Form CM-110;

- Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or

- Agreeing to ADR at your Initial Case Management Conference.

**QUESTIONS?** Call (510) 891-6055. Email: adrprogram@alameda.courts.ca.gov
Or visit the court's website at http://www.alameda.courts.ca.gov/divisions/civil/adr

---

### What Are the Advantages of Using ADR?

- *Faster* –Litigation can take years to complete but ADR usually takes weeks or months.
- *Cheaper* – Parties can save on attorneys' fees and litigation costs.
- *More control and flexibility* – Parties choose the ADR process appropriate for their case.
- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.
- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

### What Is the Disadvantage of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

### What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

  o **Court Mediation Program:** Mediators do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediator's regular fees.

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

o **Private Mediation**: This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

- *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

  o **Judicial Arbitration Program** (non-binding): The judge can refer a case, or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court.  If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

  o **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

### Mediation Service Programs in Alameda County

Low-cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services.  Contact the following organizations for more information:

**SEEDS Community Resolution Center**
2530 San Pablo Avenue, Suite A, Berkeley, CA 94702-1612
Telephone: (510) 548-2377  Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – <u>S</u>ervices that <u>E</u>ncourage <u>E</u>ffective <u>D</u>ialogue and <u>S</u>olution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA 94550
Telephones: (925) 337-7175 | (925) 337-2915 (Spanish)
Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA 94607 Telephone: (510) 768-3100 Website: www.cceb.org Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

ALA ADR-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:   FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |
| SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY | |
| STREET ADDRESS:<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:<br>BRANCH NAME | |
| PLAINTIFF/PETITIONER:<br>DEFENDANT/RESPONDENT: | |

| | CASE NUMBER: |
|---|---|
| **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS** | |

**INSTRUCTIONS:  All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 24405 Amador Street, Hayward, CA 94544 or Fax to (510) 267-5727.

1. Date complaint filed: _____. An **Initial Case Management Conference** is scheduled for:

   Date:                        Time:                        Department:

2. Counsel and all parties certify they have met and conferred and have selected the following ADR process *(check one)*:

   ☐ Court mediation      ☐ Judicial arbitration
   ☐ Private mediation    ☐ Private arbitration

3. All parties agree to complete ADR within 90 days and certify that:

   a. No party to the case has requested a complex civil litigation determination hearing;
   b. All parties have been served and intend to submit to the jurisdiction of the court;
   c. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
   d. Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
   e. Case management statements are submitted with this stipulation;
   f. All parties will attend ADR conferences; and,
   g. The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶ _____

_____          _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PLAINTIFF)

Date:

▶ _____

_____
Page 1 of 2

| Form Approved for Mandatory Use<br>Superior Court of California,<br>County of Alameda<br>ALA ADR-001 [New January 1, 2010] | **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)**<br>**AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS** | Cal. Rules of Court,<br>rule 3.221(a)(4) |
|---|---|---|

(TYPE OR PRINT NAME)                    (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

**ALA ADR-001**

| PLAINTIFF/PETITIONER: | CASE NUMBER.: |
|---|---|
| DEFENDANT/RESPONDENT: | |

Date:

_____   ▶   _____
(TYPE OR PRINT NAME)                         (SIGNATURE OF DEFENDANT)

Date:

_____   ▶   _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)